**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

August 9, 2016

Dean A. Campbell, Esquire
Law Office of Dean A. Campbell, LLC
Georgetown Professional Park
20175 Office Circle
PO Box 568
Georgetown, DE 19947

Andrew R. Silverman, Esquire
MacElree Harvey, Ltd.
5721 Kennett Pike
Centerville, DE 19807

RE:   Irvin Davis and Cindy Davis v. Rosemary Bilski
        C.A. No. 11813-MA

Dear Counsel:

I have reviewed Defendant Rosemary Bilski's Motion for Attorneys' Fees and Costs and Plaintiffs Irvin and Cindy Davis's response to the Motion. For the following reasons, I am recommending that Plaintiffs pay a total of $4,209.27 in legal fees and costs to Defendant's counsel within ten days after this report becomes final.

On December 15, 2015, Plaintiffs filed a complaint for specific performance of an alleged oral contract to convey real property, among other claims. Around the same time, Plaintiffs recorded a Notice of *Lis Pendens* in the Sussex County Recorder of Deeds. Plaintiffs, however, failed to serve the notice of pendency on a joint owner of the real property. On January 26, 2016, Defendant filed her answer and counterclaims, and a motion to cancel *Lis Pendens* under 25 *Del.C.* §§1606 and 1608. In the absence of any response by Plaintiffs, I granted the motion to cancel *Lis Pendens* on March 17th, and directed Plaintiffs to pay costs and reasonable attorneys' fees to Defendant.

In the interim, on February 16th, Defendant had moved for a default judgment on her counterclaims. On March 3rd, the Court issued a Rule to Show Cause returnable on May 2nd. Shortly before the hearing took place, Plaintiffs filed: (1) their answer to the counterclaims; (2) their response to the default judgment motion; and (3) a motion to dismiss the first two counts of their complaint, which were the only equitable claims in the complaint. At the hearing on May 2nd, I granted Plaintiffs' motion to dismiss the two counts of the complaint with prejudice and allowed Plaintiffs to transfer their remaining claims to Superior Court. I also denied Defendant's motion for a default judgment.

On June 9th, Defendant filed a motion for an award of $8,519.03 in attorneys' fees and costs related to the cancellation of the pendency. The motion is

opposed by Plaintiffs, who argue that the request is excessive and unwarranted. Plaintiffs object to the payment of "attorney fees" for a non-attorney[1] as well as fees for work that did not relate to the cancellation of the pendency. Plaintiffs also object to various costs as unnecessary.

Under 25 *Del. C.* §1611, in cancelling a notice of pendency:

a court may, for good cause shown, and in the interest of justice, direct a party to pay the prevailing party's damages, if any, together with court costs of the action. In addition, the court, in exceptional cases, may award reasonable attorneys' fees to the prevailing party. Attorneys' fees may be assessed against a party only if the court finds that such party has willfully asserted a claim or defense therefore without foundation in law or fact and/or not supported by a good faith request for an extension of the law, or for an improper purpose such as to harass or cause unnecessary delay in a legal proceeding or transaction.

In this case, Plaintiffs conceded that their claims of specific performance would not likely be successful because three months before they filed their complaint, Defendant had conveyed title to the real property to herself and another son as joint tenants with right of survivorship. What remained were claims for money damages due to alleged breaches of contract, which the parties agreed could be heard in a law court. Meanwhile, Defendant was suffering from terminal cancer and needed to sell the real property to pay for her medical care. Plaintiffs' delay in responding to Defendant's counterclaims and motions only prolonged Defendant's hardship.

---

[1] The accounting includes entries of the time spent by Michael G. Louis, Esquire who provided advice and counsel to Defendant's attorney on the motion to cancel the *lis pendens*. Louis is not a member of the Delaware Bar.

Therefore, I granted the order directing Plaintiffs to pay costs and reasonable attorneys' fees to Defendant.

The accounting before me, however, is problematic. It includes fees related to work performed by an attorney who is not a member of the Delaware Bar and who was not admitted *pro hac vice* in this matter. It includes fees related to work performed by Defendant's attorney which was not specifically related to the cancellation of the notice of pendency. It includes fees and costs related to the hearing in Georgetown which took place more than a month after the cancellation of the notice of pendency. It includes costs that do not correspond to the filing fees shown on the docket. In short, I find that the request for $1,379.03 in costs and $7,140.00 in legal fees to be unreasonable.

Plaintiffs argue that the Court should deny all requests for attorneys' fees and costs due to Defendant's overreaching. I disagree. This was a dispute between a son and his mother that turned out to be baseless for the most part. The litigation was conducted while the mother was suffering from a terminal illness. I have reviewed the accounting and find reasonable attorney fees in the amount of $3,456.00[2] and costs in the amount of $753.27[3] for a total of $4,209.27. Therefore,

---

[2] To calculate this amount, I included legal fees incurred on January 4 ($312), January 6 ($120), January 18 ($480), January 21 ($624), January 24 ($48), January 26 ($360), March 10 ($144), March 17 ($72), March 30 ($48), April 21 ($72), April 29 ($120), May 16 ($624), May 19 ($168), and June 8 ($264).

I recommend that the Court grant Defendant $4,209.27 in attorneys' fees and costs relating to the cancellation of the notice of pendency, and order this amount to be paid by Plaintiffs to Defendant's attorney within ten days of the issuance of the Final Order.

The parties are referred to Court of Chancery Rule 144 for the process of taking exception to a Master's Final Report.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz

---

[3] To calculate this amount, I included costs incurred on February 23 ($135.50), February 24 ($266.30 & $58.72), April 18 ($96.25), and April 27 ($181.50). I also awarded $15.00 for File & Serve Xpress fees as reflected on the docket for Defendant's filings pertaining to the cancellation of the notice of pendency.